# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Bert Anthony Veal, | CASE NO.: 5:17 CV 455 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| Vs. | |
| Commissioner of Social Security, | Memorandum of Opinion and Order |
| Defendant. | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II (Doc. 16)("R&R") recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

## ANALYSIS

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

1

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

Plaintiff objects to the R&R on grounds that the Administrative Law Judge ("ALJ") erred in assigning little weight to the opinion of Dr. Jopperi, one of plaintiff's treating physicians. Upon review, the Court rejects plaintiff's objection. The Magistrate Judge thoroughly analyzed the treating physician rule and properly determined that the ALJ applied the rule correctly. As noted by the Magistrate Judge, the ALJ considered the length of treatment relationship, frequency of examination, supportability of the opinion, and consistency of the opinion with the record as a whole. Plaintiff does not offer a specific objection to the ALJ's analysis and, instead, offers a generic argument that the Magistrate Judge erred. Because the Magistrate Judge correctly concluded that the ALJ properly applied the treating physician rule, the objection is not well-taken.

Next, plaintiff objects on the grounds that the ALJ failed to properly account for the psychological limitations assessed by Dr. Dallara. Again, the Court rejects the objection. Plaintiff points out only that the ALJ did not "include" the fact that Dr. Dallara determined that plaintiff suffers from "borderline intellectual abilities." But, as the Magistrate Judge notes, the ALJ did limit plaintiff to "simple oral instructions," processing "simple information," and making "simple, work-related decisions." Plaintiff wholly fails to point out any additional limitation required by Dr. Dallara's opinion. Accordingly, the objection is rejected.

Plaintiff further objects on the basis that the ALJ "understated" the mental health

2

treatment received by plaintiff. As such, the ALJ improperly discounted the opinion of September Sloane, plaintiff's counselor. The objection is not well-taken. As an initial matter, plaintiff wholly fails to point to the record in support of his position that the ALJ failed to properly account for the visits. The Magistrate Judge thoroughly analyzed the appointments and concluded that the psychotherapy visits were not understated and that plaintiff improperly included appointments for medication management as psychotherapy appointments. Plaintiff fails to respond to this analysis. In addition, the Court finds that the Magistrate Judge correctly analyzed the ALJ's assessment of the treatment records and, as such, this Court finds no error.

The Court further rejects plaintiff's "notation" that he changed age categories while this matter was pending. As the government notes, the ALJ concluded that plaintiff is able to engage in "light" work. Thus, the fact that he may have turned 50 is not relevant as the regulation he relies on applies only if the claimant is limited to sedentary work. As the plaintiff is not so limited, this argument is not well-taken.

**CONCLUSION**

This Court, having reviewed the R&R, as well as the objections and the government's response, hereby ACCEPTS the R&R, which is incorporated herein by reference. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                               /s/Patricia A. Gaughan
                                               PATRICIA A. GAUGHAN
                                               United States District Judge
Date 2/23/18                     Chief Judge